UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BOC AVIATION LIMITED,                                :

                                Case No. 22 Civ. 2070

                   Plaintiff,         :

  -against-                       :     ***EX PARTE* ORDER FOR IMMEDIATE POSSESSION OF AIRCRAFT AND INJUNCTION**

AIRBRIDGECARGO AIRLINES, LLC,          :     **FILED UNDER SEAL**

                   Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Upon the Verified Complaint, Declaration of David Walton in Support of Ex-Parte Application, executed on March 14, 2022, the exhibits thereto; the Declaration of John G. McCarthy, executed on March 14, 2022, the exhibits thereto; the accompanying Memorandum of Law; and all proceedings heretofore had herein, the *Ex Parte* Application of Plaintiff BOC Aviation Limited ("BOCA"), by its attorneys Smith, Gambrell & Russell, LLP, is hereby GRANTED as follows:

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367 as BOCA's claim arises under a treaty of the United States of America, namely the Convention on International Interests in Mobile Equipment and the Protocol to the Convention on International Interests in Mobile Equipment on Matters Specific to Aircraft Equipment, both signed at Cape Town, South Africa, on 16 November 2001 (collectively referred to as the "Convention", but the text thereof that is cited to herein is the Consolidated Text of the Convention on International Interests in Mobile Equipment and the Protocol to the Convention on International Interests in Mobile Equipment on Matters Specific to Aircraft Equipment, also signed at Cape Town, South Africa on 16 November 2001 (the "CTC")).

Defendant AirBridgeCargo Airlines, LLC ("AirBridge") is subject to personal jurisdiction in this Court pursuant to the Section 24.19 of the Aircraft Lease Agreement (60118), dated as of November 13, 2015 as amended and restated (the "Lease").

This Court is the proper forum and venue for resolution of this matter as the Lease contains a valid choice of law provision selecting New York law as the governing law, a valid clause selecting this forum and a valid clause irrevocably and unconditionally waiving any objection to this forum as the venue.

This Court has the authority to issue an order pursuant to the CTC, the Lease and New York law with respect to BOCA's right to immediate possession of the Boeing Model 747-8F airframe bearing Manufacturer's Serial Number 60118 (the "Airframe") with four General Electric Model GEnx-2b67/P Engines, which bears Bermuda Registration Mark VQ-BFE (the "Aircraft").

The Court has authority to issue this order without a hearing pursuant to (1) Article 20 of the CTC, which is entitled to supremacy under the Constitution of the United States, and (2) Section 19.02 of the Lease in which AirBridge specifically authorizes BOCA to immediately retake possession of the Aircraft and waives any right to a hearing prior to BOCA's obtaining possession of the Aircraft upon the occurrence of an Event of Default.

One or more Events of Default have occurred and are continuing as AirBridge has failed to maintain the insurance on the Aircraft that is required by Article 13 of the Lease.

Accordingly, it is hereby:

SGR/36366195.2

**ORDERED** that BOCA is entitled to, and shall have, **IMMEDIATE POSSESSION** of the Aircraft (including all engines installed on the Airframe), the Aircraft Documentation, and all spare parts for the Aircraft, subject to a judicial determination otherwise upon hearing from the Defendant; and it is further

**ORDERED** that BOCA comply with Section 19.02 of the Lease if any of the engines installed on the Airframe is not an engine that BOCA leased to AirBridge; and it is further

**ORDERED,** that AirBridge and persons who are in active concert or participation with it and who receive actual notice of this order, shall, upon service of this Order in the manner described below, be immediately **ENJOINED AND RESTRAINED** from taking the following actions, alone or in concert with any person or entity: (i) attempting to exercise or exert any control over the Aircraft; (ii) preventing BOCA from taking any action necessary to retake possession of the Aircraft (including all engines installed on the Airframe) and ferry it from Hong Kong to an aircraft storage facility located in Pinal Airpark, Arizona; and (iii) taking any steps with respect to the registration or airworthiness of the Aircraft except as agreed to by BOCA; and it is further

**ORDERED,** that Defendant shall immediately **TURNOVER** to BOCA all Aircraft Documentation including those necessary for it to obtain a Certificate of Airworthiness to ferry the Aircraft from Hong Kong to Arizona; and it is further

**ORDERED**, that a copy of this Order, together with copies of the papers upon which it is based, shall be served upon Defendant by personal delivery to its Process Agent appointed pursuant to the Lease, Corporation Service Company, 1180 Avenue of the Americas, Suite 210, New York, New York 10036 so as to be received no later than March 21, 2022, at 1:00 p.m. and that such service shall be deemed good and sufficient; and it is further

**ORDERED**, that, pursuant to Article 20(5) of the CTC and the terms of the Section 19.07 of the Lease, no undertaking shall be required as AirBridge has waived any right for an undertaking; and it is further

**ORDERED**, that, the parties shall appear for a telephonic conference before the Court on March 28, 2022 at 5:00 p.m. Parties are directed to dial into the Court's teleconference line at 888-251-2909 and use access code 2123101.

This Order shall remain under seal until the earlier of the date on which service is effected on Defendant or the date on which Plaintiff takes possession. Plaintiff is hereby directed to inform the Court when the earlier of these two events takes place.

Dated: March 13, 2022
      New York, New York

SO ORDERED

_____
LEWIS J. LIMAN, U.S.D.J.

4