UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BOC AVIATION LIMITED,                              :
                    Plaintiff,       Case No. 22 Civ. 2070 (LJL)
                                                   :

  - against -
                                                   :

AIRBRIDGECARGO AIRLINES, LLC, and
VOLGA-DNEPR LOGISTICS B.V.,                       :

                    Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# MEMORANDUM OF LAW IN SUPPORT OF BOC AVIATION LIMITED'S MOTION FOR ATTORNEYS' FEES AND COSTS

SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: 212-907-9700
Fax: 212-907-9800

*Of Counsel*
    John G. McCarthy
    Edward J. Heppt

## **TABLE OF CONTENTS**

FACTUAL AND PROCEDURAL BACKGROUND ................................................................... 1

ARGUMENT .................................................................................................................................. 3

    POINT I    LEGAL STANDARD ................................................................................. 3

    POINT II    THE HOURLY RATES FOR BOCA'S COUNSEL ARE REASONABLE ............................................................................................ 4

    POINT III    THE NUMBER OF HOURS EXPENDED BY BOCA'S COUNSEL IS REASONABLE ...................................................................................... 6

    POINT IV  THE COSTS BOCA INCURRED ARE REASONABLE ................................ 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Cases

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,*
    522 F.3d 182 (2d Cir. 2008) .................................................................................................. 3, 4

*Benihana, Inc. v. Benihana of Tokyo, LLC,*
    15 Civ. 7428 (PAE), 2017 WL 6551198 (S.D.N.Y. Dec. 22, 2017) ......................................... 8

*Bergerson v. N.Y. State Office of Mental Health, Central N.Y. Psychiatric Ctr.*,
    652 F.3d 277 (2d Cir. 2011). ..................................................................................................... 3

*Di Filippo v. Morizio,*
    759 F.2d 231 (2d Cir. 1985) ...................................................................................................... 6

*Grant v. Martinez,*
    973 F.2d 96 (2d Cir. 1992) ........................................................................................................ 3

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983)............................................................................................................... 3, 4

*LCS Group LLC v. Shire LLC,*
    383 F. Supp. 3d 274 (S.D.N.Y. 2019) ....................................................................................... 4

*Luciano v. Olsten Corp.,*
    109 F.3d 111 (2d Cir. 1997) ...................................................................................................... 3

*Medina v. Buther,*
    15-cv-1955 (LAP), 2019 WL 4370239 (S.D.N.Y. Sept. 12, 2019)............................................ 3

*MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC,*
    No. 16 Civ. 8103 (LGS), 2017 WL 1194372 (S.D.N.Y. March 30, 2017) ................................ 4

*Norlander Enter. S. de R.L. v. C-Fuels Am. Inc., ,*
    10 Civ. 9215 (PGG), 2012 WL 13060077 (S.D.N.Y. June 22, 2012)........................................ 8

*Seigal v. Merrick,*
    619 F.2d 160 (2d Cir. 1980) ...................................................................................................... 4

*Sprint Commc'ns Co. L.P. v. Chong,*
    No. 13 Civ. 3846 (RA), 2014 WL 6611484 (S.D.N.Y. Nov. 21, 2014).................................... 8

*Tessemae's LLC v. Atlantis Capital LLC,*
    No. 18 Civ. 4902 (KHP), 2019 WL 2635959 (S.D.N.Y. June 27, 2019) .................................. 4

*Weitzman v. Stein,*
    98 F.3d 717 (2d Cir. 1996) ........................................................................................................ 8

This Court conditionally awarded plaintiff BOC Aviation Limited ("BOCA") its attorneys' fees and costs incurred in seeking to compel defendants AirBridgeCargo Airlines LLC ("AirBridge) and Volga-Dnepr Logistics B.V. (together, "Defendants") to comply with this Court's orders, and directed BOCA to submit an application for attorneys' fees and costs. (Dkt. 124). BOCA hereby submits this memorandum of law in support of its application for reasonable attorneys' fees and costs incurred in successfully pursuing its motions for civil contempt against Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2022, this Court granted BOCA an order of immediate possession of MSN 60118 and also ordered AirBridge to turnover to BOCA all Aircraft Documentation for that aircraft. (Dkt. 26.) On November 16, 2022, this Court orally issued a preliminary injunction requiring Defendants, by November 21, 2022, to convey title to two replacement engines to BOCA, as required under the parties' lease agreement. The oral order was also reduced to a written order issued by the Court on November 21, 2022. (Dkt. 70.)

After Defendants failed to convey title to two replacement engines to BOCA by November 21, 2022, BOCA filed a motion to hold Defendants in contempt of the aforementioned orders that required Defendants to (i) convey title to two replacement engines to BOCA, as required under the parties' lease agreement and (ii) turnover to BOCA all Aircraft Documentation related to MSN 60118. After six sets of briefs and two hearings, this Court found Defendants in contempt and determined that "Defendants have not even attempted to comply with the Court's orders." (Dkt. 91 [the "First Contempt Order"] at 36.)

To compel compliance, the Court directed each defendant to pay to BOCA fines in the amount of "$15,000 per day for the paperwork and $25,000 per day for the engines," which

amounts would double if Defendants failed to comply within two weeks and would increase by another $15,000 and $25,000, respectively, if Defendants failed to comply within four weeks. (*Id.*) Although the Court denied BOCA's request for attorneys' fees in the First Contempt Order, the Court did so "without prejudice to renewal." (*Id.* at 34.) Importantly, in the First Contempt Order the Court made no finding as to whether Defendants' noncompliance was willful.

The First Contempt Order also provided that "the Court may further increase the coercive sanctions, upon motion, should these sanctions be insufficient to compel compliance after the passage of six weeks." (*Id.*) Defendants failed to comply and, after the passage of those six weeks, BOCA filed a motion on February 10, 2023 to extend and increase the coercive sanctions issued against Defendants in the First Contempt Order. Through this motion, BOCA also renewed its application for reasonable attorneys' fees and costs.

By the Court's decision from the bench on March 2, 2023 and the Court's corresponding formal order, issued on March 3, 2023, the Court increased and extended the coercive sanctions against Defendants. Moreover, the Court found that Defendants' behavior was willful and awarded BOCA its "attorneys' fees and costs incurred in compelling Defendants' compliance with this Court's orders." (Dkt. 124.)

BOCA now moves for an order directing Defendants to pay BOCA's attorneys' fees and costs incurred in compelling Defendants' compliance with this Court's orders, equaling an award of $79,975.50 in attorneys' fees and $1,431.21 in costs, for a total award of $81,406.71.

**ARGUMENT**

I.   **LEGAL STANDARD**

The resolution of the calculation of attorneys' fees is committed to the sound discretion of the district court because attorneys' fees are dependent on the unique facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). When determining whether a party's requested fee award is reasonable, a court begins by calculating the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182,183 (2d Cir. 2008). The presumptively reasonable fee is calculated by multiplying the "number of hours reasonably expended on the litigation … by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. at 433. The Second Circuit's forum rule "generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson v. N.Y. State Office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011).

A district court, in determining whether the number of hours expended is reasonable, "examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citations omitted). The question is whether, when the work was performed, "a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Attorney records "need not specify 'the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney," *Medina v. Buther*, 15-cv-1955 (LAP), 2019 WL 4370239, at *7 (S.D.N.Y. Sept. 12, 2019) (quoting *U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474, 477 (S.D.N.Y. 1989), aff'd, 887

3

F.2d 408 (2d Cir. 1989)), nor must a court "become enmeshed in a meticulous analysis of every detailed facet of the professional representation" to determine the proper award. *Seigal v. Merrick*, 619 F.2d 160, 164 n. 8 (2d Cir. 1980) (internal quotations omitted). Ultimately, the party seeking attorneys' fees bears the burden of demonstrating the reasonableness of the hours spent and rates asserted. *Hensley v. Eckerhart*, 461 U.S. at 437.

## II.     THE HOURLY RATES FOR BOCA'S COUNSEL ARE REASONABLE

The hourly rates sought by BOCA are reasonable. A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. "The Court is to evaluate the evidence proffered by the parties and may take judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *LCS Group LLC v. Shire LLC*, 383 F. Supp. 3d 274, 278-79 (S.D.N.Y. 2019).

In the Southern District of New York, "[p]ursuant to the Second Circuit's "forum rule," this Court looks at prevailing rates within this District to determine the reasonableness of the proposed rates." *Tessemae's LLC v. Atlantis Capital LLC*, No. 18 Civ. 4902 (KHP), 2019 WL 2635956, at *5 (S.D.N.Y. June 27, 2019) (collecting cases). "Courts in this District have determined that hourly rates ranging from $250 to $1,260 per hour, for attorneys' work on a commercial litigation matter, were reasonable." (*Id.*) Judge Schofield found that rates ranging from $210.75 to $437.30 per hour for non-legal staff, $569.02 to $753.42 per hour for associates, and $874.60 to $1,048.47 per hour for partners are reasonable. *MSC Mediterranean Shipping Company Holding S.A. v. Forsyth Kownacki LLC*, No. 16 Civ. 8103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. March 30, 2017). Moreover, Magistrate Judge Aaron recently found that a rate of $868 per hour for a partner is a reasonable rate. *LCS Group LLC,* 383 F. Supp. 3d at 279.

4

The legal services performed by BOCA's litigation counsel, Smith, Gambrell & Russell, LLP ("SGR") are identified in contemporaneous time entries listed in **Exhibit 2** to the Declaration of John G. McCarthy, dated March 10, 2023 (the "McCarthy Decl."). BOCA seeks $79,975.50 for 119.6 hours spent by its attorneys and paralegals at SGR in compelling Defendants' compliance with this Court's orders. (McCarthy Decl. Ex. 2, ¶¶ 2, 5.) The attorneys working on this matter billed 109.2 hours of work. (McCarthy Decl. ¶ 5.) Paralegals billed 10.4 hours of work. (*Id.*)

This matter was primarily staffed by attorneys John G. McCarthy and Edward J. Heppt, both partners[1] at SGR. Mr. McCarthy billed 41.4 hours at the rate of $805 per hour. (McCarthy Decl. ¶¶ 8-9.) Mr. McCarthy is the managing partner of SGR's New York office and a graduate of Fordham University School of Law. (*Id.* at ¶ 6.) He has been a practicing attorney for more than thirty years and has been either first or second chair in more than three dozen trials in such venues as federal and state courts in several different states. (*Id.*) Mr. McCarthy has extensive experience in commercial legal disputes arising in the aviation context.

Mr. McCarthy was responsible for overseeing BOCA's civil contempt motions. (*Id.* at ¶ 7.) He reviewed and revised drafts of legal briefs and declarations and argued on behalf of BOCA during the two hearings on BOCA's motions for contempt. (*Id.*) Given Mr. McCarthy's breadth and years of experience, a rate of $805 per hour is more than reasonable within this District, as demonstrated by the foregoing case law.

Mr. Heppt billed 67.8 hours at the rate of $645 per hour. (*Id.* at ¶¶ 12-13.) He graduated from Brooklyn Law School in 2012 and joined SGR in 2019. (*Id.* at ¶10.) Mr. Heppt is admitted

---

[1] Mr. Heppt became a partner at SGR effective January 1, 2023. Previously, Mr. Heppt was an associate at SGR.

5

to practice law in New York, the U.S. District Courts for the Southern District of New York and the Eastern District of New York, and the U.S. Court of Appeals for the Second Circuit. (*Id.*) Mr. Heppt focuses his practice on complex commercial litigation and has considerable experience litigating aviation disputes. (*Id.*)

Mr. Heppt bore principal responsibility for conducting legal research, authoring drafts of legal briefs, and revising legal briefs. (*Id.* at ¶ 11.) He also communicated with BOCA regarding its motions for contempt and Defendants' responses. (*Id.*) Given Mr. Heppt's breadth and decade of experience, a rate of $645 per hour is more than reasonable within the Southern District of New York, as demonstrated by the foregoing case law.

Accordingly, the Court should find that the rates charged by BOCA's counsel are reasonable.

### III.   **THE AMOUNT OF TIME SPENT BY BOCA'S COUNSEL IS REASONABLE**

The second factor considered by courts in calculating attorneys' fees is whether the hours billed by the movant's attorneys are reasonable. When calculating the number of reasonable hours, a court looks to "its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Di Filippo v. Morizio*, 759 F.2d 231, 234 (2d Cir. 1985).

In total, SGR spent 119.6 hours of attorney and paralegal time seeking to compel Defendants' compliance. (McCarthy Decl. Ex. 2, ¶ 5.) SGR's time entries reflected in **Exhibit 2** to the McCarthy Declaration demonstrate that its time was spent judiciously and appropriately in resolving the issues that arose from Defendants' failures to comply.

After Defendants failed to convey title to two replacement engines to BOCA by November 21, 2022, BOCA filed a motion on November 23, 2022 to hold Defendants in contempt of the aforementioned orders that required Defendants to (i) convey title to two

replacement engines to BOCA, as required under the parties' lease agreement and (ii) turnover to BOCA all Aircraft Documentation related to MSN 60118. The motion was supported by three declarations, each containing multiple exhibits. The accompanying memorandum of law was thoroughly researched and amply supported by case law, presenting numerous legal authorities supporting a finding of contempt and imposition of sanctions. After Defendants responded to BOCA's first motion for contempt, BOCA submitted a reply memorandum of law in further support.

The Court held multiple oral arguments and an evidentiary hearing, and permitted the parties to submit supplemental declarations and briefing on BOCA's first motion for contempt. The Court rendered a decision in BOCA's favor in a thirty-six-page Opinion and Order. (Dkt. 91.) In its Opinion and Order, the Court stated that it "may further increase the coercive sanctions, upon motion, should these sanctions be insufficient to compel compliance after the passage of six weeks." (*Id.* at 36.) Defendants failed to comply and, after the passage of six weeks, BOCA filed a motion on February 10, 2023 to extend and increase the coercive sanctions issued against Defendants. BOCA's second motion for contempt was supported by two declarations and a memorandum of law. Defendants opposed the motion and BOCA submitted a reply brief. In its March 3, 2023 order (Dkt. 124), this Court increased the sanctions against Defendants and awarded BOCA attorneys' fees and costs.

Defendants' contemptuous conduct for more than three months resulted in this prolonged proceeding. As this Court observed during the March 2, 2023 hearing, "[d]efendants have effectively sat on their hands since the November and December Orders." (McCarthy Decl. Ex. 1 at 33:22-23.) Defendants' willful noncompliance necessitated the work performed by BOCA's

7

counsel. Accordingly, the hours expended litigating BOCA's contempt motions were reasonable, and BOCA is entitled to a full fee award totaling $79,975.50 for 119.6 hours of work.

## IV. THE COSTS BOCA INCURRED ARE REASONABLE

Lastly, BOCA incurred reasonable costs as a result of its motions for contempt. BOCA seeks $1,431.21 in costs. (McCarthy Decl. ¶ 29.) The costs incurred by BOCA in connection with the motions for contempt include: (i) $966.63 in Westlaw legal research fees; (ii) $57.60 for PACER fees; and (iii) $406.98 for Southern District Reporters hearing transcript fees. (*Id.*)

Costs are recoverable by a moving party. *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). Courts routinely award Westlaw legal research fees, PACER fees, and hearing transcript fees as reasonable costs. See, e.g., *Benihana, Inc. v. Benihana of Tokyo, LLC*, 15 Civ. 7428 (PAE), 2017 WL 6551198, at *7 (S.D.N.Y. Dec. 22, 2017); *Sprint Commc'ns Co. L.P. v. Chong*, No. 13 Civ. 3846 (RA), 2014 WL 6611484, at *9 (S.D.N.Y. Nov. 21, 2014); *Norlander Enter. S. de R.L. v. C-Fuels Am. Inc.*, 10 Civ. 9215 (PGG), 2012 WL 13060077, at *3 (S.D.N.Y. June 22, 2012). The amounts sought by BOCA for its recoverable costs were necessarily incurred and are reasonable.

## CONCLUSION

For all the foregoing reasons and those set forth in the accompanying declarations, it is respectfully requested the Court grant BOCA's motion in all respects, and grant such additional and further relief as it deems just and proper.

Dated:   New York, New York
         March 10, 2023

SMITH, GAMBRELL & RUSSELL, LLP


By:   */s/ John G. McCarthy*
      John G. McCarthy
      Edward J. Heppt

*Attorneys for Plaintiff*
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
jmccarthy@sgrlaw.com
eheppt@sgrlaw.com